UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02 MAR 28 AM 2: 39

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA

Plaintiff,

vs.  CASE NUMBER: 00-6309-CR-SEITZ

MICHAEL BUCCINNA

Defendant.

_____/

## MICHAEL BUCCINNA'S RESPONSE AND OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant, MICHAEL BUCCINNA, hereby files his Response and Objections to Presentence Investigation Report (PSI). The specific paragraphs to which Buccinna objects, and his position as to each matter follows.

### PAGE 1 AND PAGE 6

Buccinna objects to the use of the a/k/a and alias "Mikey Boots." He has never been referred to by this name, and believes that the Government has mistakenly used this name due to a common shortening of Buccinna's name heard on the various wiretap recordings of "Mikey Buch."



# PART A. THE OFFENSE
### (Pages 6-7)

| PARAGRAPH | DISPUTED FACT(S) |
|---|---|

## I. Charges and Convictions
### (Page 6 of PSI)

| | |
|---|---|
| 4 | Buccinna objects to the offense level computation of 28 pursuant to the corrected offense level computation contained in paragraph 162 of page 34. |
| 6 | Buccinna does not object but wants the Court to know that he disclosed his use of cocaine the morning after the drug test and prior to the receipt of the lab report indicating a positive result for cocaine. |

## II. The Offense Conduct
### (Pages 7-19)

| | |
|---|---|
| 9-43 | Buccinna objects in part, as his name, or any information about him, is absent from these 36 paragraphs encompassing 9 pages of the PSI and although relevant to show Buccinna's position in a fraud of gargantuan proportion, this information contains nothing about Buccinna. |
| 47 | Buccinna objects to the statement that his employment at the check cashing store was for 3 years. It was approximately 1 |

|  |  |
|---|---|
|  | and ½ years from approximately July of 1998 until January of 2000. |
| 47 | Buccinna objects to the statement that he assisted in the gambling activities. |

## II. ROLE ASSESSMENT
(Pages 17 - 19 of PSI)

|  |  |
|---|---|
| 55 | Buccinna objects to the statement that he "assisted the enterprise by receiving illegal proceeds," as the statement leaves an incorrect impression that he personally received these funds for his own profit. Buccinna does not believe that the Government intends to argue that Buccinna received these illegal funds personally for profit, rather, that they were for the check cashing store. Buccinna was a salaried employee and did not receive a percentage of the illegal profits other than a paycheck. |

## III. VICTIM IMPACT
(Page 19 - 20 of PSI)

|  |  |
|---|---|
| 69 | Buccinna objects to the statement that "Al Polito suffered bruises when the defendant and co-defendant Mamone attempted to collect a loansharking debt from him," insomuch as this statement leaves |

the impression that Buccinna participated in the physical abuse of Polito, when in fact, the Government has stated in paragraph 45, page 15 of the PSI, the following: "...At that time, Mamone physically assaulted Polito causing bodily injury." Buccinna accepts responsibility for Mamone's violent behavior pursuant to the Government's theory that it was reasonably foreseeable for Buccinna to expect Mamone to physically abuse Polito, however, as stated by the Government, Mamone assaulted Polito.

## VI. OFFENSE LEVEL COMPUTATION

### (Pages 20-24 of PSI)

| | |
|---|---|
| 72, 104-109 | Buccinna does not "object," for purposes of stating that the guideline calculation is incorrect, however, a separate Notice of Request for Downward Departure is being filed concurrent with this pleading. |

## V. ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY

### (Page 24 of PSI, Paragraph 114)

Buccinna objects to the statement that he "does not qualify" for a reduction for acceptance of responsibility because he failed to withdraw from criminal conduct. Comment (n. 1(b)) of §3E1.1 does not provide a blanket prohibition from

a defendant receiving a reduction for acceptance of responsibility based on whether there was a voluntary termination or withdrawal from criminal conduct. In fact, comment 5 of §3E1.1 permits the Court "great deference" in the determination of a defendant's acceptance of responsibility. *United States v. Hromada,* 49 F.3d 685, 689 (11th Cir.1995) ("A district court occupies the unique position to evaluate whether a defendant has accepted responsibility for his acts; its determination is entitled to great deference on appeal."); *United States v. Campbell,* 888 F.2d 76, 78 (11th Cir.1989), *cert. denied,* 494 U.S. 1032, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990) (Determination of whether defendant is entitled to acceptance of responsibility reduction is a factual determination which must be affirmed unless clearly erroneous); *United States v. Spraggins,* 868 F.2d 1541, 1543 (11th Cir.1989) (Sentencing court's determination with respect to a defendant's acceptance of responsibility "is entitled to great deference on review and should not be disturbed unless it is without foundation." (quoting Guidelines section 3E1.1, note 1(a), commentary at 3.22). *See also United States v. Knight,* 905 F.2d 189 (8th Cir. 1990) (District Court may award acceptance of responsibility reduction solely based upon the defendant's plea of guilty, and is not precluded from awarding adjustment merely because defendant has not satisfied any of the factors set forth in application note 1).

Buccinna is mindful that the Court may consider his cocaine use subsequent to his guilty plea in determining whether to award the 3 level reduction. *United States v. Scroggins*, 880 F.2d 1204 (11th Cir. 1989) (District Court may consider subsequent criminal conduct in determining whether to award reduction pursuant to §3E1.1). Buccinna asks that if this Court chooses to consider his use of cocaine on February 2, 2002, as the basis of determining whether he is entitled to a 3-level reduction for acceptance of responsibility, that the Court judge this behavior against Buccinna's negative results on all drug tests during the 17 months while on pre-trial release since October of 2000.

All parties in this case are aware that Buccinna has a severe drug problem. He has attempted to stay drug free while on pre-trial release, and has failed, after success for 16 months. There is no question but that he is in dire need of treatment for his addiction to prescription pain killers and cocaine[1]. This one-time use of cocaine while out on bond pending sentencing and subsequent denial to Mr. Santucci, is overwhelming evidence of addiction, as it begs the question: Why would anyone, unless addicted, use cocaine with full knowledge of the consequences of a bond revocation and possible loss of what amounts to 19 months

---

[1] Pre-trial services officer Liza Llanos indicated to undersigned counsel that she would have recommended treatment for Buccinna as opposed to incarceration had the Government sought to revoke Buccinna's bond.

incarceration?

This Court should consider in addition, that after Buccinna denied cocaine use to Mr. Santucci on February 4, 2002, he then corrected his misstatement and admitted his use to Santucci in a conversation the next morning, February 5, 2002. This admission by Buccinna was made prior to receipt by the pre-trial services officer of the results of the drug test taken on February 4, 2002. Buccinna knows he should have never used cocaine, and should have never denied the use to his probation officer. However, those facts should be considered along with Buccinna's addiction, and his disclosure of the one-time cocaine use prior to the results of the drug test.

As evidenced by his statement in the PSI, Buccinna has accepted responsibility for his actions and should be granted a three level downward adjustment for timely acceptance of responsibility pursuant to §3E1.1 of the Sentencing Guidelines. Whether or not a defendant has personally accepted responsibility for his criminal conduct requires "a consideration of both objective factors and subjective considerations of the defendant's demeanor and sincerity." *United States v. Castillo-Valencia*, 917 F.2d 494, 500 (11th Cir. 1990). This is such a case where the combination of objective and subjective factors should be resolved in favor of Buccinna receiving the reduction.

As such, Buccinna should be granted the three-level reduction.

## PART C.  OFFENDER CHARACTERISTICS
### (Pages 25 - 29 of PSI)

### I. PHYSICAL CONDITION
### (Paragraph 127)

Buccinna objects to the statement that he has a tattoo of a panther on his lower right arm. The panther tattoo is located on his right ankle.

### II. SUBSTANCE ABUSE
### (Page 27, Paragraph 133)

Buccinna objects to the statement that "On February 6, 2002 the defendant contacted the probation officer and confessed that he has used cocaine at a birthday party on February 2, 2002." Buccinna contacted the probation officer the morning after the drug test, on February 5, 2002 and confessed that he has used cocaine at a birthday party on February 2, 2002.

### EMPLOYMENT RECORD
### (Page 28, Paragraph 138)

Buccinna objects to the statement that "From 1997 to January 2000, the defendant worked as a manager at Gold Coast Check Cashing Store." As

previously objected to, Buccinna worked in the check cashing store from July 1998 until January of 2000.

Buccinna also objects to the statement that "his employment terminated after the indictment." Buccinna stopped working at Gold Coast Check Cashing Store 10 months prior to the first indictment.

## PART D.  SENTENCING OPTIONS
### (Pages 20 - 22 of PSI)

## PART E.  FACTORS THAT MAY WARRANT DOWNWARD DEPARTURE
### (Page 22 of PSI, Paragraph 82)

Buccinna respectfully submits that there are factors in the case which warrant a downward departure. Such bases for downward departure will be addressed in a separate Notice of Request for Downward Departure.

## PART F. IMPACT OF THE PLEA AGREEMENT
### (Page 34, Paragraph 161)

Buccinna again objects to the statement that he "does not qualify for a reduction for acceptance of responsibility." The reasons for this objection have previously been stated here.

WHEREFORE, the Defendant, MICHAEL BUCCINNA, respectfully submits his Response and Objections to Pre-sentence Investigation Report.

Respectfully submitted,

BRIAN L. TANNEBAUM, P.A.
200 South Biscayne Boulevard
Suite 2690
Miami, Florida 33131
(305) 358-9000

By: _____
BRIAN L. TANNEBAUM
Florida Bar No. 047880

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was this 26th day of March, 2002, forwarded to Brian McCormick, and Diana Fernandez, Assistant United States Attorneys, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33394-3002, and Michael Santucci, U.S. Probation Officer, 299 E. Broward Blvd, Room 409, Ft. Lauderdale, Florida 33301-1168.

_____
BRIAN L. TANNEBAUM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                  CASE NUMBER: 00-6309-CR-SEITZ

MICHAEL BUCCINNA

    Defendant.

_____/

## NOTICE OF REQUEST FOR DOWNWARD DEPARTURE

PLEASE TAKE NOTICE pursuant to S. D. Fl. L. R. 88.8 that the defendant, Michael Buccina, by and through his undersigned counsel, will move this Honorable Court on April 12, 2002 for a departure below the range indicated by the Sentencing Guidelines pursuant to 18 U.S.C. 3553(b), USSG 5K2.0, p.s., *et. seq.*, and *Koon v. United States*, 518 U.S. 81 (1996) on the following grounds:

    1.    Application of the Guidelines pursuant to Chapter 3, Part D (Grouping and Multiple Counts) result in a total guideline range that artificially inflates the resultant guideline range.

    2.    Defendant plead guilty to a single RICO conspiracy count based on two predicate acts of racketeering activity, *i.e.*, money laundering (18 U.S.C. 1956) and loan sharking (18 U.S.C. 894).

3. A strict interpretation of the grouping rules results in the Guidelines being determined on the basis of counts of conviction to which the defendant did not plead guilty. *See* Presentence Investigation Report at pp. 20-23.

4. However, an anomaly in the Guidelines treats the four specified victims (PSI @ para. 79-102) as if defendant was convicted by operation of law under four separate 18 U.S.C. 894 counts when, in fact and law, defendant plead guilty to a single RICO conspiracy count.[1]

5. The net result of this Chapter Three anomaly adds 5 "units" or 4 offense levels to the base offense level otherwise determined by the conduct "applicable to the Group with the highest offense level (set by money laundering)." USSG 3D1.4.

6. This application of the grouping rules is a complete "legal fiction" based on the defendant's "conviction" for 4 additional Section 894 counts that the USPO and government treat as "phantom counts." That is, they invent non-existent counts to increase the offense level on the basis of application of an anomaly created under Chapter Three, Part D.

7. This artificial inflation of the Guidelines constitutes a factor or

---

[1] The Chapter Two guidelines are determined on the basis of the count of conviction, 18 U.S.C. 1962(d), supported by one predicate act of money laundering and 1 predicate act (singular) of loan sharking constituting the jurisdictional basis of defendant's RICO conspiracy conviction.

circumstance of a kind or to a degree not *adequately* considered by the Sentencing Commission.[2]

8. Therefore, defendant respectfully seeks a 4 level downward departure to rationalize the sentencing process.

                                                Respectfully submitted,

                                                BRIAN L. TANNEBAUM, P.A.
                                                200 South Biscayne Boulevard
                                                Suite 2690
                                                Miami, Florida 33131
                                                (305) 358-9000

                                                By: _____
                                                     BRIAN L. TANNEBAUM
                                                     Florida Bar No.: 047880

---

[2] While there is a dearth of authority on point, it is clear from the structure and symmetry of the Guidelines that a departure- upward or downward- is permissible. *See e.g., United States v. Adelman*, 168 F.3d. 84, 87 (2nd Cir. 1999) (departure permitted on basis of multiple victims).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was this 26th day of March, 2002, forwarded to Brian McCormick, and Diana Fernandez, Assistant United States Attorneys, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33394-3002, and Michael Santucci, U.S. Probation Officer, 299 E. Broward Blvd, Room 409, Ft. Lauderdale, Florida 33301-1168.

BRIAN L. TANNEBAUM

## POSITION OF PARTIES WITH
## RESPECT TO SENTENCING FACTORS

|  |  |
|---|---|
| RE: | MICHAEL BUCCINNA |
| SD/FL PACTS No: | 65983 |
| DOCKET NO: | 00-6309-CR-SEITZ(s)(s) |
| OBJECTIONS DUE BY: | MARCH 22, 2002 |
| DATE AVAILABLE for DISCLOSURE: | MARCH 8, 2002 |

I have read the presentence investigation completed by the United States Probation Office.

_____ There are no disputed facts.

✓ There are unresolved factual disputes which are attached.

RECEIVED
MAR 1 1 2002
BRUDNY & ROTHMAN, P.A.

_[signature]_  3/20/02
(Defendant)  (Date)

_[signature]_  3/21/02   MIAMI, FL
(Attorney)  (Date)  (Location)
**BRIAN LEE TANNEBAUM**

_____  _____  FT. LAUDERDALE, FL
(Assistant U.S. Attorney)  (Date)  (Location)
J. BRIAN MCCORMICK

Return To:  MICHAEL E. SANTUCCI
U. S. Probation Officer
Federal Courthouse Building
299 East Broward Blvd., Room 409
Ft. Lauderdale, FL 33301-1865